■ JOHN MORGAN, Respondent, v MICAELA MONAGHAN et al., Appellants. [608 NYS2d 299] —In an action to recover damages, inter alia, for breach of an employment contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated February 26, 1992, as, upon renewal, granted the plaintiff's motion to vacate the settlement agreement between the parties, but failed to require the plaintiff to repay the $40,000 he had received from the defendants pursuant to the agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

In settlement of the plaintiff's breach of contract claim, the defendants agreed to pay him $60,000 in three installments. After making two payments totalling $40,000, the defendants defaulted on the final payment.

On appeal, the defendants contend that, upon their default, the stipulation became void by its own terms and that, therefore, CPLR 3004 does not apply. Thus, the defendants contend that the plaintiff must repay the $40,000 before he can maintain an action for rescission. We disagree.

Our review of the record supports the plaintiff's contention that the defendants never intended to pay the full amount stipulated. Under these circumstances, the court properly exercised its discretion in ruling that the plaintiff was not obliged to repay the sums already received by him in order to seek rescission (see, CPLR 3004; Allen v WestPoint-Pepperell, Inc., 945 F2d 40; Skipworth v Cooper, 37 AD2d 906; Sheridan Drive-In v State of New York, 16 AD2d 400). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.